THE PEOPLE OF THE STATE OF NEW YORK ex
rel. JOHN SWINBURNE, Respondent, v. MICHAEL N.
NOLAN, Appellant.

*Action to determine title to office — right of the successful party to recover damages
from the intruder — the salary received is the measure of damages — a defense
cannot be raised on appeal which was not taken below.*

After the plaintiff had recovered a judgment herein, determining his title to the
office of mayor of the city of Albany, he was allowed to file a supplemental
complaint or suggestion showing that he had sustained damages to the amount
of $4,005.43, by reason of the defendant having wrongfully usurped the
office and received the salary thereof.   The defendant filed an answer denying
that the plaintiff had sustained damages to that amount, admitted that he
had received as salary the amount claimed, but denied that any portion of it
belonged to the plaintiff.   Upon the trial the court held that there were no
disputed questions of fact, and directed a judgment for the amount named:

*Held,* no error; that in the case of the usurpation of a public office, the measure
of the damages of the party excluded is the amount of salary received by
the usurper.   (LEARNED, P. J., dissents.)

That even if the defendant was entitled to have any deduction made from the
said amount, he waived his right thereto by his failure to state it in his pleading
or raise it upon the trial.   (Per BOCKES, J.)

APPEAL from a judgment rendered at the Albany Circuit in
favor of the relator for the sum of $4,072.43 damages and $309.08
costs.

The action was one of *quo warranto* to determine the title to the
office of mayor of the city of Albany, the relator alleging that he was
duly elected to the office, and that the defendant had illegally
intruded into and usurped the same, and praying relief that the
relator be adjudged entitled to the office, and for costs and the impo-
sition of a fine of $2,000 upon the defendant.

The defendant allowed a default at the trial, and a verdict was
entered that the relator was duly elected to the office, and judg-
ment was rendered accordingly.

Thereafter the relator presented a verified supplementary sugges-
tion, setting forth a claim for damages "to the amount of $4,005.43,
by reason of the usurpation, by the said Michael N. Nolan, of the
office of mayor of the city of Albany, in the judgment herein
mentioned," being "the salary appertaining to said office," and

thereupon " prayed judgment for said damages according to the form of the statute in such case made and provided."

The defendant filed an answer thereto denying that the relator had sustained damages to the amount named, or to any amount; admitting that he had received the salary named, but denying that any portion thereof belonged to the relator.

Upon the trial the court held, as a matter of law, that there were no disputed questions of fact upon the pleadings, and directed a judgment for the relator for the amount demanded.

*Parker & Countryman*, for the appellant.

*Henry Smith*, for the relator, respondent.

BOARDMAN, J. :

The proceedings in this case after judgment of ouster have been taken in accordance with our decision in 30 Hun, 484, it is, therefore, *res adjudicata* in those respects in this court.

Section 1953 of the Code of Civil Procedure gives the right to recover the damages sustained by the relator in the same action in which his right to the office was established   The right to the damages given in this case is established by *Dolan* v. *Mayor* (68 N. Y., 274). Similar authorities under similar statutes exist in Michigan (*People* v. *Miller*, 24 Mich., 458), Indiana (*Douglass* v. *State*, 31 Ind., 429), and in California and Louisiana.  In New Jersey there is no statute giving to the relator such damages, and so the case of *Stuhr* v. *Connor* (44 N. J. Law, 181) is not authority with us, as the opinion of that court expressly states.

We are satisfied the judgment given is in accordance of the laws of this State.

The judgment should be affirmed, with costs.

BOCKES, J. :

The appeal herein brings up for review, by special reference thereto in the notice of appeal, the intermediate order following the judgment of ouster, giving the relator leave to make a claim against the defendant by suggestion or supplemental complaint for damages, because of his having received  the salary pertaining to the office of mayor, during his unlawful incumbency of that office.   Thus we are

brought back to the question decided on the former appeal (30 Hun, 484) whether the relator was entitled to recover damages against the defendant on the cómplaint herein or by the proceeding following the judgment of ouster. The ·original complaint contains no averment that the defendant had received any moneys by way of salary as mayor, to which the relator was entitled by right, nor that any claim would be made in the action for such money thereafter to be received by the defendant; or in general terms that *damages* would be claimed therein because of his alleged unlawful intrusion into the office of mayor. The relief demanded was: (1.) Judgment of ouster against the defendant; and (2), that he " be adjudged to pay to the plaintiffs" (the people) " a fine of $2,000." This relief by fine the trial court refused to grant on special application for that purpose, made by the relator (see opinion by WESTBROOK, J.) and in such decision the parties acquiesced. Thus the relief by way of "fine" demanded in the complaint, even if it existed on the facts, must be deemed eliminated from the case. The complaint then stood barren of any claim for damages. The relator thereupon applied for and obtained leave to file a suggestion or supplemental complaint making claim for the recovery of damages, charging that the defendant had received and retained moneys by way of salary during his unlawful incumbency, to which he, the relator, was entitled by right. To this practice and to the right thus to bring into the case a claim for *damages* the defendant objected ; but the ruling of the court was against him at Special Term and also at General Term on appeal. (30 Hun, 484.)

Now, the relator might recover in this action against the defendant the damages sustained by him by reason of the alleged usurpation and unlawful exercise of the office of mayor by the latter. It is now so provided by law. (Code of Civil Procedure, § 1953.) But can such recovery be had when the complaint in the action contains no averment or charge of damages, nor any prayer for relief in that regard? Was not the defendant entitled to notice of such claim in the complaint, to the end that he might make defense thereto in his answer? Should not the relator be held to stand at the trial on the matters stated in his complaint? · Could he inject into the action a claim for damages following the judgment of ouster? Could there be several and. separate trials in the same

action ? These were to me embarrassing questions when this case was before the court on a former appeal. (30 Hun, 484.) A conclusion was reached, however, by the court favorable to the right of the relator to assert his claim for damages in the way adopted, and certified to us in the record. To that conclusion I yielded my assent, not, however, without some hesitation. That decision must be deemed to have settled the law of this case in that regard, and it must be adhered to until overruled or reversed by the Court of Appeals. To it, of course, I now yield obedience. It, therefore, stands already decided by this court that the relator may recover, on his suggestion or supplemental complaint, his damages against the defendant because of the latter's intrusion into and unlawful occupancy of the office of mayor, to which office the former was entitled; and the pleadings of the parties on this branch of the case are to be found in the suggestion by the relator, and the answer thereto by the defendant placed upon the record by permission or direction of the court. The damages charged to have been suffered by the relator and by him sought to be recovered, are the moneys received by the defendant as salary during his incumbency. The proceeding is now in the nature of an action for money had and received. (*Douglas* v. *State*, 31 Ind., 429, p. 436, and cases there cited.) The right to recover such moneys is declared in *Dolan* v. *Mayor* (68 N. Y., 282), where it is said that the person who has been wrongfully deprived of his office may recover his damages for the wrong against the usurper, and that the amount of salary, if not the fixed measure, may be considered in the assessment of the damages. If it be suggested that the amount of salary received in this case by the defendant is not the amount here to be recovered, the answer is ready and entirely conclusive of it. This was not made a question on the pleadings, or in any way at the trial. The relator, by his suggestion or supplemental complaint, charged that the defendant had received, during his unlawful incumbency, as salary, $4,005.43, which sum of right belonged to him, the relator, and not to the defendant. The defendant, in his answer, admitted that he had received that sum as salary, but denied that any part of it belonged to the relator. It was not claimed in his pleading that any deduction from the amount admitted to have been received should be made or had for any cause

whatsoever; nor on the trial was any such claim interposed by motion, offer of proof, or in any other way. The ground was there taken, as is now urged on the appeal, that the claim to recover the salary had no foundation in the complaint in the action, and that the proceeding against the defendant, following the judgment of ouster, was irregular and wholly unauthorized in law. While admitting the reception of the salary by the defendant, no partial defense by way of diminution of damages was offered in any form. The defendant is therefore without ground of objection, to the effect that he has been deprived of a partial defense. Such objection cannot be raised on appeal when not raised either on the pleadings or at the trial. Nor, indeed, does the defendant's counsel claim a new trial on this appeal, because of any partial defense, by way of reduction of damages. He insists, as was urged on the trial, that the relator showed no right of recovery on the record for any part of the salary received by the defendant. The defense tendered and now relied upon goes to the entire right of action.

But if the claim of a partial defense had been interposed it would have been untenable. This was held in *Douglass* v. *State*, above cited, on the authority of *United States* v. *Addison* (6 Wall. [U. S.], 291). In this latter case it was said by FIELD, J., that "the rule which measures the damages upon a breach of contract for wages or for freight or for the lease of buildings, has no application. In these cases the party aggrieved must seek other employment, or other articles for carriage, or other tenants. * * * But no such rule can be applied to public offices of personal trust and confidence, the duties of which are not purely ministerial or clerical." In the former case (*Douglass* v. *State*) it was said: "We are not aware of any principle of the law that would entitle the appellant" (the unlawful incumbent) "to claim a deduction from the amount of the fees received by him during the time he unlawfully held the office." And further: "Being a mere intruder the appellant can claim no benefit from his acts; he was not entitled to receive any compensation for the services rendered, either by himself or by those acting under him." To the same effect is the decision in *People* v. *Miller* (24 Mich., 458). This point, therefore, seems to be authoritatively settled. It seems then (1) that diminution of damages was not claimed at all in this case, and (2) if it had been claimed it would

have been inadmissible in law. The case then comes to this: that if the decision herein on the former appeal is to be adhered to, the recovery for the salary by the relator was right; and as above suggested, that can be now only questioned on appeal to the Court of Appeals. It should perhaps be noted that the case of *Stuhr* v. *Curran* (44 N. J., 181), cited by the appellants' counsel, is not in point, because of the absence of a statute in that State giving to a relator in a case like this a right of recovery for damages.

Following the former decision in this case, the judgment appealed from must be affirmed, with costs.

LEARNED, P. J. (dissenting):

It seems to me that the case of *Dolan* v. *Mayor* (68 N. Y., 274) does not fix the amount of salary as the measure of damages. The opinion says, at page 282: "The amount of salary, if not the fixed measure, may be considered by the jury in assessing the damages." Thus it leaves the question of damages to be determined by proof. Nor does the section of the Code state what damages should be recovered. And I do not see that the Revised Statutes, formerly in force, determined that the salary was the measure of damages. If a relator has been engaged in other business, from which he has derived a profit, it can hardly be said that he has suffered as damages the total salary which he would have received if he had discharged the duties of the office.

The defendant in this case received the evidence of his election to the office from the officers authorized to give it, the common council. He had, therefore, either to act in the office or to leave the office vacant. And he has discharged the duties. While then the statute, it must be admitted, makes him liable for damages to the relator, there seems to be no reason why he should be adjudged to pay anything more than the actual pecuniary loss which the relator has sustained. I think that the amount is open to proof and is not necessarily the salary of the office, and, therefore, that the court ought not to have held, as matter of law, that the relator should recover the entire salary received by defendant.

The judgment should be reversed and a new trial granted, costs to abide event.

Judgment affirmed, with costs.